ALBERT M. BANKER, Respondent, *v.* REUBEN W. WILLARD and SAMUEL STOCKAMORE, Appellants.

*Contract to pay a specified price for "all ice used" by the vendees — a recovery cannot be had for ice delivered to them by third persons — the remedy is in damages for a breach of contract.*

A person who agrees to deliver ice at stated prices during the years 1898 and 1899, under a contract which provides that the vendees will pay the vendor "the said prices for all ice used by them for and during the years 1898 and 1899," is not entitled to recover the contract prices for ice delivered during that period to the vendees by third persons; his remedy, if any, is by an action to recover for the breach of the contract.

When an action brought by the vendor against the vendees is not for the recovery of damages for a breach of the contract, considered.

APPEAL by the defendants, Reuben W. Willard and another, from a judgment of the County Court of Fulton county in favor of the plaintiff, entered in the office of the clerk of the county of Fulton on the 11th day of August, 1899, affirming the judgment of a justice of the peace in favor of the plaintiff, and also from an order entered in said clerk's office on the 11th day of August, 1899, upon which said judgment was entered.

*N. H. Anibal*, for the appellants.

*N. M. Banker* and *Edgar A. Spencer*, for the respondent.

KELLOGG, J. :

This is an appeal from a judgment of the County Court of Fulton county affirming a judgment of a Justice's Court.

The judgment is for a trifling sum, but may be used by plaintiff as establishing rights of action in his favor against these defendants for very considerable sums ; hence its review is of some importance.

The action is based upon a written agreement for the delivery of ice at stated prices during the years 1898 and 1899. The complaint is in writing and sets forth the agreement in full, one clause of which reads as follows : " And the said Willard and Stockamore, in consideration therefor, agree to pay said Albert M. Banker the said prices for all ice used by them for and during the years 1898 and 1899."

The complaint then alleges that since the execution of this agreement " the defendants have received and used 1,500 pounds of ice of the value of $2.62 which they have not paid this plaintiff for." The complaint does not, however, allege that plaintiff delivered this ice or caused it to be delivered and leaves it for any inference which the literal language of the contract permits. The answer is in part a general denial. The proof is undisputed and establishes that defendant did use, after the contract was made, 1,500 pounds of ice ; but it also conclusively shows that this ice was not delivered by plaintiff, but was purchased by defendants from other parties, perhaps in violation of the terms of the contract, and the proof also shows that defendants have paid the plaintiff for all ice delivered by him.

In view of the proofs and the peculiar wording of the complaint, I think the learned county judge gave an erroneous construction to the cause of action in holding that plaintiff sought to recover for ice delivered by himself. It is quite plain, I think, that plaintiff construed his contract to mean that defendants must pay him for all ice they used, whether procured from him or from others, and that his action was to obtain pay for ice at the contract price furnished by others. That this contention cannot be sustained needs no argument. The plaintiff may have a right of action against defendants for a breach of the contract, but the measure of his damages is not necessarily the contract price of the ice. No proof of the actual damages, if any, suffered was offered. The plaintiff, himself a wit-

·ness, did not pretend that this ice was delivered by him or by others for him.

I think the judgment should be reversed, with costs to appellants in all the courts.

All concurred.

Judgment of the County Court and of the Justice's Court reversed, with costs in all the courts.